IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCOTT SMITH, | : | Civil No. 1:21-CV-1181 |
| Plaintiff, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Presently before the court for screening is Plaintiff Michael Scott Smith's complaint filed pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania. (Doc. 1.) Plaintiff seeks leave to proceed *in forma pauperis* and has filed a motion for preliminary injunctive relief. (Docs. 2, 9, 11.) For the reasons that follow, the court will grant Plaintiff's request to proceed *in forma pauperis* but dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the dismissal of the complaint, Plaintiff's unbriefed motion for injunctive relief will be denied as moot.

**FACTUAL BACKGROUND**

Plaintiff Michael Scott Smith ("Smith") is a pretrial detainee held at the Franklin County Jail in Chambersburg, Pennsylvania. (Doc. 1.) In his complaint, Smith claims the events giving rise to his complaint against the sole Defendant, the Commonwealth of Pennsylvania, occurred between June 27, 2007 and March 29,

2021 and relate to his various criminal proceedings.  (*Id.*, pp. 4.)[1]  Smith claims he was arrested and coerced into plea that resulted in the denial of his universal rights, detention, enslavement, and unlawful servitude.  Although Smith's handwriting is difficult to read at times, and the factual allegations of his complaint are sparce, as relief he seeks his criminal record expunged, his intellectual property rights restored, monetary damages, and his release from "illegal slavery and detention." (*Id.*, pp. 5, 7.)

On August 6, 2021, Smith cross filed the same motion for preliminary injunction in several of his pending actions in this court. The focus of his request for injunctive relief is unclear at best.  Nonetheless, even though Smith was provided with excerpts of this court's local rules, Smith did not file a brief in support of his motion.  *See* Doc. 3-2.

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## STANDARD OF REVIEW

When a litigant seeks to proceed *in forma pauperis*, without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b)(1)–(2). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Dooley v.* Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.,* 961 F.3d 203, 208 (3d Cir. 2020).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted

leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

### A. Failure to State a Claim

Although unclear, Plaintiff alleges that he has been deprived of certain constitutional rights in violation of 42 U.S.C. § 1983. The sole named Defendant is the Commonwealth of Pennsylvania. (Doc. 1.) Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Commonwealth of Pennsylvania is not a "person" who may be sued under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 (1989) (neither the state nor an official of the state acting in his or her official capacity is a "person" within the meaning of section 1983). Additionally, it is well settled that the Eleventh Amendment precludes federal claims for monetary damages against a state, its agencies, departments, or officials acting in their official capacity. *See A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003). Thus, the Eleventh Amendment further bars Smith's claims against the Commonwealth. *See Tarapchak v. County of Lackawanna*, 739 F. App'x 172, 178 n. 7 (3d Cir. 2018).

In light of the above, Smith's claims against the sole Defendant are subject to dismissal with prejudice.

### B.  Smith's request for habeas relief

In his complaint, Smith seeks his release from pretrial confinement and dismissal of his unspecified pending criminal charges. A petition for writ of habeas corpus, rather than a civil rights action under § 1983, is the proper means for an inmate to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent that Smith is challenging his continued incarceration based on his pending criminal charges, he must pursue that claim in a habeas corpus action, and not in a civil rights action.

### C. Leave to amend is denied

For the above cited reasons, Smith's claims against the Defendant are subject to dismissal with prejudice. The court will not grant Smith leave to amend his complaint as to do so would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

## CONCLUSION

Smith fails to state a claim upon which relief may be granted against the sole Defendant, the Commonwealth of Pennsylvania, as it is indisputable not a "person" amenable to suit under 42 U.S.C. § 1983. Moreover, as Smith seeks his immediate release from prison, his sole federal remedy is a petition for writ of habeas corpus. As such, allowing Smith to amend his present action would be futile. Accordingly, the court will Smith's request for *in forma pauperis* status, his complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) thus rendering his request for injunctive relief moot. An appropriate order follows.

s/ Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: January 11, 2022